# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT MAXWELL FENLON, | § | |
|     Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-04-1541 |
| | § | |
| DOUGLAS DRETKE, | § | |
|     Respondent. | § | |

## MEMORANDUM AND OPINION

Petitioner, Robert Maxwell Fenlon, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state court felony conviction for possession of cocaine with the intent to deliver. The indictment alleged that the amount of cocaine was between 4 to 200 grams. On February 23, 2005, this court stayed proceedings and administratively closed this case pending a ruling by the United States Court of Appeals for the Fifth Circuit on Fenlon's direct appeal. (Docket Entry No. 40). On March 25, 2005, the Fifth Circuit granted Fenlon's motion to dismiss his appeal. (Docket Entry No. 48). Fenlon then moved to reinstate this action. (Docket Entry No. 44). Respondent filed a motion for summary judgment on the ground that Fenlon failed to exhaust available state court remedies. (Docket Entry No. 24). Respondent submitted a copy of the state court record. Fenlon filed a response to the motion. (Docket Entry No. 37). Based on careful consideration of the pleadings; the motion and response; the record; and the applicable law, this court grants respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

**I.     Background**

A jury found Fenlon guilty of the felony offense of possession with the intent to deliver 4 to 200 grams of cocaine. (Cause Number 825756).  On November 30, 2000, the court sentenced Fenlon to thirty years imprisonment.  The First Court of Appeals of Texas affirmed Fenlon's conviction on December 19, 2002.  The Texas Court of Criminal Appeals refused Fenlon's petition for discretionary review on June 11, 2003.  Fenlon did not file an application for state habeas corpus relief.

On April 19, 2004, this court received Fenlon's federal petition.  Fenlon contends that his conviction is void for the following reasons:

(1)     The trial court did not give the jury an accomplice witness instruction.

(2)     The State argued a lower burden of proof regarding joint possession.

(3)     The State presented perjured evidence in the form of false crime scene photographs.

(4)     The State falsely asserted that Fenlon was convicted of assault.

(5)     The State made character attacks against Fenlon.

(6)     The State vouched for a witness's honesty.

(7)     The State presented insufficient evidence to prove control and to prove intent/knowledge.

(8)     The State obtained evidence in violation of the Fourth Amendment.

(9)     The trial court lacked jurisdiction.

(10)    The State violated Felon's right to a speedy trial under the United States Constitution.

(11) The State violated Felon's right to a speedy trial under Texas law.

(12) Felon's right to appeal was denied because the State appellate court violated Rule 47.1 of the Texas Rules of Appellate Procedure.

(13) Felon's right to appeal was denied because of an incomplete record.

(14) Felon was denied his right of self-representation.

(15) Felon received ineffective assistance of counsel based on the following grounds:

    (a) Counsel waived Fourth Amendment violations.

    (b) Counsel did not make an opening statement.

    (c) Counsel had no defense plan.

    (d) Counsel did not request an accomplice witness instruction.

    (e) Counsel did not request an instruction regarding proof of extraneous acts.

    (f) Counsel's closing argument undermined the defense.

    (g) Counsel conceded guilt in voir dire.

    (h) Counsel's pretrial motions were "bad."

    (i) Counsel did not adequately examine Fenlon.

    (j) Counsel did not adequately cross-examine a State witness.

    (k) Counsel did not argue conflicts and deficiencies in the State's evidence.

    (l) Counsel did not object to the State's opening argument.

    (m) Counsel did not object to the State's closing argument.

    (n) Counsel did not make "good" objections regarding extraneous acts.

    (o) Counsel did not make objections to unfair prejudice.

(16) The prosecutor engaged in the following acts of misconduct:

    (a) The prosecutor presented to the jury an improper assertion that Fenlon had been convicted of assault when she knew or should have known that the alleged assault had resulted in a not guilty jury verdict.

    (b) The prosecutor made an unsubstantiated accusation that Fenlon had sent intimidating letters from jail.

    (c) The prosecutor made accusations that Fenlon was planning to set up an adult website.

    (d) The prosecutor made accusations that Fenlon was plotting to take over the Government.

    (e) The prosecutor called Fenlon's home "The Compound" and described it as a cult-like environment where people hung out and smoked crack.

    (f) The prosecutor accused Fenlon of running around the house naked.

    (g) The prosecutor made uncorroborated accusations of prior drug sales and prostitution.

    (h) The prosecutor presented fabricated evidence designed to invoke bias.

    (i) The prosecutor misled the jury by false evidence and compounded the harm by misstating the facts in evidence.

    (j) The prosecutor called Fenlon a manipulator and a liar.

    (k) The prosecutor bolstered the "star accomplice witness."

    (l) The prosecutor vouched for the "star witness."

(m) The prosecutor interjected opinions, misstated the facts in evidence, and falsely accused Fenlon of lying.

(n) The prosecutor alluded to evidence not introduced at trial.

(o) The prosecutor told the jury that the police knew Fenlon was guilty.

(p) The prosecutor misstated the evidence, shifting the burden of proof.

(q) The prosecutor interjected personal opinion as fact and lead the jury to make improper inferences.

(r) The prosecutor misled the jury about the facts in evidence and bolstered her own "testimony" with false or misleading statements about what the facts were.

(s,t,u) The prosecutor misstated the facts in evidence, misled the jury, testified, and interjected personal opinion as facts.

(v) The prosecutor directly expressed her belief of defendant's guilt.

(w) The prosecutor impeached defendant by referring to post-arrest, post-*Miranda* silence, and misstated and mischaracterized Fenlon's prior testimony.

(x) The prosecutor made sarcastic and mocking remarks about Fenlon's religious beliefs.

(y) The prosecutor testified to falsities and alluded to facts not in evidence.

(z) The prosecutor misstated the law to the jury and lowered the State's burden of proof.

      (aa)    In closing argument, the prosecutor continued to mislead the jury about the law and in her opening statement stated specific facts that the State failed to prove at trial, including:

      (i)    that Fenlon was involved in a big prostitution and drug ring;

      (ii)    that Fenlon forced his wife to sell herself for drugs and money;

      (iii)    that officers had found a large quantity of crack cocaine;

      (iv)    that there were drugs scattered throughout Fenlon's home in different rooms;

      (v)    that Reeves was seen by police coming from Fenlon's trailer;

      (vi)    that the State withheld exculpatory evidence (photographs and documents);

      (vii)    that the State failed to comply with discovery orders, failed to provide any discovery evidence at all, thereby depriving Fenlon of a fair opportunity to prepare for trial; and

      (viii)    that the State failed to provide Fenlon with a copy of the search warrant and affidavit for 175 days.

(17)    The trial court erred by:

      (a)    failing properly to charge the jury on the law of accomplice witness testimony;

(b)     failing properly to instruct the jury that under Texas law, they could not consider other "bad acts" unless they first determined that those extraneous acts were proven beyond a reasonable doubt;

(c)     failing to appoint counsel who would fairly represent the accused, or to inquire of counsel after Fenlon complained that they were not prepared for trial;

(d)     twice overruling the defense objection to the State's misstatement of the law;

(e)     failing to maintain decorum or proper conduct of the trial or to ensure Fenlon's "right to be tried by an impartial tribunal;"

(f)     failing to give an adequate curative instruction, failing to promptly remove the jury, failing to give the instruction requested by defense counsel, and giving an instruction that implied that Fenlon had eluded justice;

(g)     denying a mistrial;

(h)-(i), (l)-(n)  overruling defense objections;

(o)     denying a defense motion for mistrial;

(p)     suppressing illegally seized evidence;

(q)     denying Fenlon discovery or an opportunity to prepare a defense;

(r)     denying Fenlon's motion to produce certain evidence – a safe – or stipulate that the safe seized was not the same safe as the one described in the affidavit for the search warrant;

(s)     denying Fenlon's motion to depose an informant or require the State to produce his written statement, which Fenlon had reason to believe would be exculpatory;

  (t) denying Fenlon's motion to subpoena witnesses and his right to subpoena the informant or any witnesses;

  (u) ordering that defense be provided with officers' statements for cross-examination and not ordering an appropriate remedy for the State's failure to provide the statements;

  (v) failing to authorize sufficient funds for a private investigator, making the granting of Fenlon's motion a meaningless gesture;

  (w) failing to reappropriate the funds for a paralegal who agreed to provide the necessary assistance for the fees authorized; and

  (x) refusing to grant Fenlon's motion for a written order as to any and all motions.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-37). The threshold issue is whether Felon has exhausted his claims by presenting them to the State courts.

## II. The Issue of Exhaustion

Prisoners suing under section 2254 are required to exhaust their claims in state court before applying for federal collateral relief. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). A state prisoner must exhaust available state court remedies before he can obtain federal habeas corpus relief, unless there are circumstances that make the state corrective process ineffective to protect the prisoner's rights. *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). In order to exhaust, a petitioner must "fairly present" all of his claims to the state court. *Id.; Duncan*

*v. Henry,* 513 U.S. 364, 365 (1995). Full exhaustion of all claims presented is required before federal habeas corpus relief is available. *Rose v. Lundy,* 455 U.S. 509, 518-22 (1982). The exhaustion requirement is not satisfied if the prisoner presents new legal theories or new factual claims in his federal habeas petition. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998)(citing *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982)).

A federal court should dismiss a state prisoner's federal habeas petition if the prisoner has not exhausted available state remedies as to any of his federal claims. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The exhaustion requirement gives the states the first opportunity to address and correct alleged violations of a state prisoner's federal rights. *McGee v. Estelle*, 704 F.2d 764, 770 (5th Cir. 1983).

Congress has codified the doctrine of exhaustion of state remedies in 28 U.S.C. § 2254(b) and (c) which provide in part as follows:

> (b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the petitioner "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)(quoting *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988)).

Respondent argues that Fenlon failed to exhaust his state court remedies because when Fenlon filed his petition for discretionary review in the Texas Court of Criminal Appeals, he only raised some of the issues he has included in this federal petition. (Docket Entry No. 24, Respondent's Motion for Summary Judgment, p. 5). Respondent argues that Fenlon failed to present claims he raises in this court to the State's highest court, in either a petition for discretionary review or an application for habeas relief. Fenlon did not apply for state postconviction relief under TEX. CODE CRIM. PROC. art. 11.07.

In his petition for discretionary review, Fenlon presented the following issues:

(1) The appellate court denied his statutory right to appeal, in violation of the Due Process Clause and the Equal Protection Clause. The appellate court failed to follow the correct standard of review regarding the accomplice-witness rule.

(2) The appellate court erred in finding that the evidence was sufficient to connect Fenlon to the cocaine.

(3) The appellate court's opinion failed to address various issues that were necessary to the disposition of the appeal.

(4)     The appellate court erred in twice ordering that the appellate record be supplemented without giving Fenlon a copy of those supplements.

(5)     The appellate court abused its discretion by failing to order the trial court to hold a hearing and denying a motion to supplement the record.

(6)     The appellate court erred in overruling Fenlon's points of error and affirming the judgment without reviewing the issues presented for review.

(7)     The appellate court erred in omitting and misstating material facts in its opinion. (PDR No. 0190-03, pp. 1-2).

In his federal petition, Fenlon complains of ineffective assistance of counsel, (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 28-30); prosecutorial misconduct (*id.* at 31-33); and trial court error (*id.* at 34-37).   Fenlon lists several examples of each constitutional violation.  In his petition for discretionary review, Fenlon asserted, "the issue argued in Appellant's Supplemental brief under point thirteen raises 20 specific points of prosecutorial misconduct, five points thereof showing objections made by defense counsel, with two points of denial of motion for mistrial resulting. Additionally 13 points of judicial misconduct and 8 points of court's appointed counsel actively working to undermine the defense and contribute to the verdict are raised while incorporating the 'No Counsel Argument' and the errors previously briefed." (Petition for Discretionary Review, No. 190-03 at 9).

In his federal petition, Fenlon lists seventeen grounds for voiding his conviction. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 26-30).  Among them,

Fenlon asserts a number of grounds for ineffective assistance of counsel. These grounds include that his counsel failed adequately to examine Fenlon or cross-examine a State's witness. (*Id*. at 29). Fenlon's petition for discretionary review did not include these claims of deficient performance. (PDR No. 190-03 at 9). In the petition for discretionary review, Felon referred to his supplemental brief filed in the court of appeals and stated, "Additionally . . . 8 points of court's appointed counsel actively working to undermine the defense and contribute to the verdict are raised while incorporating the 'No Counsel Argument' and the errors previously briefed." *Id*. Fenlon's supplemental brief in the court of appeals sets out eight allegations of deficient performance. *Fenlon v. State*, Appeal No. 01-01-00062-CR (Fenlon's supplemental brief at 21-22). Fenlon did not allege that his counsel failed adequately to examine Fenlon or cross-examine the State's witness.

In response, Fenlon argues that respondent is "splitting hairs." (Docket Entry No. 37, Petitioner's Response, Attachment, p. 17). Fenlon asserts that these claims are simply additional arguments supporting his ineffective assistance claim, rather than separate claims. Fenlon does not refer the court to any place in the petition for discretionary review where he raised these arguments. A comparison of the claims in the present case with those raised in the petition for discretionary review leads this court to conclude that Fenlon's federal writ petition raises a claim that was not presented to the State court.

Fenlon contends that he set out the factual bases of the claims raised in his petition for discretionary review in a supplemental appellate brief filed in the state appellate court. He asserts that the Texas Court of Criminal Appeals, in reviewing the appellate court's

opinion, could have reviewed the appellate brief. Fenlon's PDR did not fairly present the claims to the Texas Court of Criminal Appeals, the State's highest court. Ordinarily a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief (or a similar document), filed in that court, that does not alert the court to the presence of a federal claim, in order to find material, such as a lower court opinion issued in the case, that does so. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). In declining to require appellate judges to read lower court opinions in order to find what claims are asserted or the basis for those claims, the Supreme Court gave the following explanation:

> For one thing, the requirement would force state appellate judges to alter their ordinary review practices. Appellate judges, of course, will often read lower court opinions, but they do not necessarily do so in every case. Sometimes an appellate court can decide a legal question on the basis of the briefs alone. That is particularly so where the question at issue is whether to exercise a discretionary power of review, i.e., whether to review the merits of a lower court decision. In such instances, the nature of the issue may matter more than does the legal validity of the lower court decision. And the nature of the issue alone may lead the court to decide not to hear the case. Indeed, the Oregon Supreme Court is a court with a discretionary power of review. And Oregon Rule of Appellate Procedure 9.05(7) (2003) instructs litigants seeking discretionary review to identify clearly in the petition itself the legal questions presented, why those questions have special importance, a short statement of relevant facts, and the reasons for reversal, "including appropriate authorities."

*Id.* at 31. Texas appellate rules require similar information in a petition for discretionary review. TEX. R. APP. P. 68.4. Fenlon's argument that he fairly

presented his claims to the Texas Court of Criminal Appeals because the Texas Court of Criminal Appeals could have read his appellate brief, lacks merit.

In Fenlon's petition for discretionary review, he refers generally to "due process" violations, but does not clarify the legal or factual basis.  *Fenlon v. State*, No. 190-03 (Fenlon's petition for discretionary review ("PDR") at 9).  In *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001), the prisoner asserted, in a blanket and conclusory statement at the end of the evidentiary argument of his brief on direct appeal to the intermediate appellate court:  "The [trial] Court's ruling denied [Wilder] his right to a fair trial and due process of law as guaranteed him under the Fifth and Fourteenth Amendments to the U.S. Constitution and Art. I, sec 10 Texas Constitution."  The Fifth Circuit found that this passing reference to the Constitution, however, did not fairly present a claim to the State court.  The exhaustion requirement "reflects a policy of federal-state comity . . . designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Picard v. Connor*, 404 U.S. 270, 275 (1971).  To hold that vague references to such expansive concepts as due process and fair trial fairly present, and therefore exhaust, federal claims would eviscerate the exhaustion requirement. *Wilder*, 274 F.3d at 260.  Although Fenlon listed certain claims ineffective assistance, prosecutorial misconduct, and trial court error in his petition for discretionary review, he did not set out the nature of those claims, the factual basis for those claims, or the legal

and factual basis for those claims. Because those claims were not fairly presented to the Court of Criminal Appeals, they are unexhausted.

In his federal petition, Fenlon also asserts that he was denied his right of self-representation. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 26-27). Fenlon did not mention a denial of the right of self-representation in his petition for discretionary review. No. 190-03. Fenlon did mention a "No Counsel Argument," but did not set out the basis. *Id.* at 9. Fenlon's brief in the lower appellate court included a section titled "No Counsel Argument," in which Fenlon discussed self-representation. *Fenlon v. State*, No. 01-01-00062-CR (Fenlon's brief at 28-31). The terse reference in the petition for discretionary review to a "No Counsel Argument" did not adequately inform the Texas Court of Criminal Appeals that Fenlon was complaining of the denial of his right to self-representation. "No counsel" would reasonably appear to refer to the denial of counsel, rather than the denial of the right to self-representation. Because Fenlon did not set out in his petition for discretionary review, any claim of the denial of self-representation, he did not fairly present this claim to the Court of Criminal Appeals, and it is unexhausted.

Fenlon's federal petition contains both exhausted and unexhausted claims. A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition, which should be dismissed without prejudice. *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) ("A federal habeas

petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims.").

To avoid this result, Fenlon filed a Motion to Amend and for Waiver of State Remedies. (Docket Entry No. 26). He argues that the respondent has not identified which of his claims are unexhausted. "Fenlon believes that there are no available state remedies for the claims presently before the federal court. Whether there were or were not, said remedies are now waived. Therefore there now are no available state court remedies. All claims are thus exhausted." (Docket Entry No. 26, p. 3). By waiving further state court remedies, Fenlon purports to have exhausted state court remedies as to all of his federal claims.

The exhaustion requirement gives the states the first opportunity to address and correct alleged violations of a state prisoner's federal rights. *McGee v. Estelle*, 704 F.2d 764, 770 (5th Cir. 1983). Fenlon cannot waive the exhaustion requirement by forgoing certain state court remedies. As noted, Fenlon has not filed a state application under Rule 11.07 of the Texas Code of Criminal Procedure. Many of the claims Fenlon raised in the lower appellate state court and seeks to raise in this court were not properly before the Texas Court of Criminal Appeals. Fenlon also complains that the appellate court failed to consider several trial court errors, preventing the Texas Court of Criminal Appeals from considering those claims. (Docket Entry No. 37, Petitioner's Response, Attachment, p. 3). Fenlon could present these unexhausted claims in a state application under Rule 11.07 of the Texas Code of Criminal Procedure.

Fenlon has neither alleged nor demonstrated facts that would support a statutory exception to the exhaustion doctrine. Texas law allows Fenlon to exhaust his state claims by application for a writ of habeas corpus with the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. art. 11.07. This federal petition is dismissed, without prejudice, to allow Fenlon to do so.

### III.    Conclusion

Fenlon's motion to reinstate this action, (Docket Entry No. 44), is GRANTED. Respondent's Motion for Summary Judgment, (Docket Entry No. 24), is GRANTED. Fenlon's petition for a writ of habeas corpus is DENIED. This case is DISMISSED without prejudice for failure of Fenlon to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction. 28 U.S.C. § 2254.

Fenlon moves for service of a copy of his memorandum in support of petition on the respondent. (Docket Entry No. 18).[1] On July 1, 2004, this court ordered the Clerk provide a copy of petitioner's memorandum in support of petition, (Docket Entry No. 4), and amended petition, (Docket Entry No. 6), to the respondent. (Docket Entry No. 19). Fenlon's motion for service, (Docket Entry No. 18), is DENIED as moot.

Fenlon asks for a copy of the order this court entered on July 6, 2004. (Docket Entry No. 21).[2] Fenlon's subsequent pleading indicates that he did receive a copy of that order.

---

[1]   On March 7, 2005, this court denied this motion without prejudice to reconsideration after a ruling by the Fifth Circuit. (Docket Entry No. 40).

[2]   On March 7, 2005, this court denied this motion without prejudice to reconsideration after a ruling by the Fifth Circuit. (Docket Entry No. 40).

(Docket Entry No. 23). Fenlon's motion for a copy of this court's order dated July 6, 2004, (Docket Entry No. 21), is DENIED as moot.

Fenlon has filed a motion for recusal. (Docket Entry No. 22). The standard for judicial disqualification under 28 U.S.C. § 455 is whether a reasonable person, with full knowledge of all the circumstances, would harbor doubts about the judge's impartiality. *Vieux Carre Property Owners, Residents, and Associates, Inc. v. Brown,* 948 F.2d 1436, 1448 (5th Cir. 1991). Fenlon's motion presents no basis for recusal. Fenlon is apparently operating under the mistaken belief that this judge is a male named "Rosenthal." This judge is not male. Nor is this judge related to the District Attorney of Harris County, Texas, whose name happens to be "Rosenthal" but who is not related to the undersigned. Fenlon's motion for recusal, (Docket Entry No. 22), is DENIED.

Fenlon's motion for extension of time to file response to the respondent's motion for summary judgment, (Docket Entry No. 29), is GRANTED *nunc pro tunc.*

Fenlon has filed a motion for expansion of the record to include posttrial motions and orders. (Docket Entry No. 35). Respondent has provided copies of the trial and appellate record. Fenlon has also provided copies of various state records. Fenlon did not file a state application for postconviction relief. Fenlon's motion for expansion of the record, (Docket Entry No. 35-1), and motion for reconsideration, (Docket Entry No. 35-2), are DENIED.

Fenlon's Motion to Amend and for Waiver of State Remedies, (Docket Entry No. 26), is DENIED for the reasons explained in this Memorandum and Opinion.

Fenlon's motion to compel answer, (Docket Entry No. 27-1), and motion to strike respondent's motion for summary judgment, (Docket Entry No. 27-2), are DENIED.

Fenlon's motion for extension of time to file response, (Docket Entry No. 29), is DENIED as moot.

Fenlon's motion for sanctions, (Docket Entry No. 33), is DENIED.

Fenlon's motion to strike, (Docket Entry No. 36), construed as a motion for default judgment, is DENIED.

Fenlon's motion to alter judgment, (Docket Entry No. 41), motion to expedite, (Docket Entry No. 45), motion for contempt, (Docket Entry No. 50), and motion to expedite, (Docket Entry No. 51), are DENIED.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd*

*v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484).  Fenlon has not met the showing necessary for a COA.  Fenlon's motion for certificate of appealability, (Docket Entry No. 49), is DENIED.

   SIGNED on May 20, 2005, at Houston, Texas.

               _____
                  Lee H. Rosenthal
                 United States District Judge